UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RODRIGUEZ, | ) | 1:08-cv-00847-LJO-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | ORDER DENYING PETITION WITH |
| JAMES HARTLEY, | ) | PREJUDICE |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK TO ENTER |
| | ) | JUDGMENT |

Petitioner Joe Rodriguez ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 3, 2009, the Magistrate Judge issued a Findings and Recommendation ("Recommendation") in this action recommending that the petition be denied with prejudice. The Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On August 27, 2009, Petitioner filed objections ("Objections") to the Recommendation. (Doc. 17).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate's Recommendation is supported by the record and proper analysis. The Court modifies the Recommendation with the additional analysis set forth below.

///

///

**I.     Petitioner's Objections**

Petitioner objections raise only one contention not adequately addressed by the Magistrate's Recommendation. Petitioner complains that the Magistrate relied, in part, on an unsuitability factor not expressly found applicable to Petitioner by the parole board. A review of the record reveals that Petitioner's objection lacks merit.

Petitioner cites *In re Rodrick*, 154 Cal.App.4th 242, 265 (Cal. Ct. App. 2009) and *In re DeLuna*, 126 Cal.App.4th 585, 593-94 (Cal. Ct. App. 2005) for the proposition that federal habeas courts may not consider evidence of a petitioner's dangerousness unless the parole board made an express finding, in the decision portion of a denial decision, with respect to such evidence. (Objections at 9-10). Petitioner's objection is based on a portion of the Recommendation in which the Magistrate discussed the parole board's assessment of Petitioner's attitude towards his crime. The Recommendation provides, in relevant part:

> Whether or not a prisoner understands "the nature and magnitude of the offense" is an express factor the BPH may consider in determining a prisoner's suitability for parole. CAL. CODE. REGS. TIT 15, § 2402 (d) (3). A prisoner's lack of insight into the crime or attempt to minimize the crime may constitute some evidence of current dangerousness. *Shaputis,* 44 Cal.4th at 1260. *Although not expressly mentioned in the decision portion of the BPH's parole denial, during Petitioner's hearing, a member of the BPH noted that he was troubled by Petitioner's version of the crime and indicated that, in the BPH's view, Petitioner was being less than honest in discussing the crime.* (Answer, Ex. 3a at 28-30). The presiding parole commissioner stated, "I have to tell you, its does not sound credible that you just shot at him almost casually...as you ran away from him." (Id. at 29).

(Recommendation at 9) (emphasis added).

A review of the record reveals that the parole board *did* in fact make the express finding that Petitioner lacked sufficient insight into his crime in the decision portion of Petitioner's denial. At the end of the hearing, the presiding commissioner stated "experience tells me that you have great difficulty in my mind and I believe in my colleague's mind, with the full taking of responsibility...of the actual murder itself." (Answer, Ex. 3b at 72). While the finding regarding Petitioner's insight into his crime was stated in connection with the parole board's separate decision to issue a two-year parole denial, the statement constitutes an express finding regarding Petitioner's insight into the crime nonetheless. Accordingly, Petitioner's objection is of no avail.

**ORDER**

The Findings and Recommendation is modified to reflect the Court's response to Petitioner's objections. The Court adopts the remainder of the Findings and Recommendation in full, with the additional analysis provided in this order. As to those objections not specifically addressed in this order, the Court finds that the Findings and Recommendation adequately disposes of Petitioner's objections and no further discussion is required. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued August 3, 2009, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. A certificate of appealability is unnecessary. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005); *White v. Lambert*, 370 F.3d 1002, 1010-1011 (9th Cir. 2004)

IT IS SO ORDERED.

**Dated:   December 1, 2009**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE